UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BIOCONVERGENCE LLC d/b/a SINGOTA SOLUTIONS**, <br><br> Plaintiff, <br><br> v. <br><br> **SIMRANJIT JOHNNY SINGH**, <br><br> Defendant. | |
| **SIMRANJIT JOHNNY SINGH,** <br><br> Counterclaimant <br><br> v. <br><br> **BIOCONVERGENCE d/b/a SINGOTA SOLUTIONS,** <br><br> Counter Defendant <br><br> **ALISA WRIGHT KILGAS** <br><br> Counter Defendant <br><br> **CHRISTOPHER C. MURRAY** <br><br> Counter Defendant <br><br> **REBECCA GREEN,** <br><br> Counter Defendant. | Case No. 21-cv-02090 (CRC) |

### MEMORANDUM OPINION

Florida resident Rebecca Green served as a court-appointed forensic expert in a misappropriation of trade secrets case pending in Indiana federal court. She is now the subject of two counterclaims in this case related to that appointment. The defendant and counterclaim plaintiff here, Simranjit Singh, is married to the defendant in the Indiana case. Proceeding *pro se*, Ms. Green moves to dismiss the counterclaims for want of personal jurisdiction, insisting that

she has no connection to the District of Columbia. For the reasons below, the Court will grant the motion and dismiss Green from the case.

I. Background[1]

The counterclaims against Green stem from a series of lawsuits involving Indiana-based life science company, BioConvergence LLC d/b/a Singota Solutions ("Singota"); one of its former employees, Jaspreet Attariwala; and Attariwala's husband, Simranjit "Johnny" Singh. In 2019, Singota sued Ms. Attariwala in Indiana state court for alleged theft of client contacts and trade secrets. BioConvergence LLC v. Attariwala, No. 53C01-1902-PL-480 (Monroe Cnty.). Ms. Attariwala then removed the case to the U.S. District Court for the Southern District of Indiana. BioConvergence LLC v. Attariwala, No. 19-cv-1745 (S.D. Ind.). Green was appointed as a forensic expert in that matter and took possession of various digital devices and online accounts owned by Attariwala, including a laptop she owned jointly with her husband, Mr. Singh. Am. Counter-Compl. ¶¶ 41–44. Green was tasked by the court with "collect[ing,] and review[ing] [Attariwala's] computers and other electronic storage devices and accounts" and, "if necessary, remov[ing] or delet[ing]" any proprietary materials that she found. BioConvergence LLC v. Attariwala, 2021 WL 3883957 at *1 (S.D. Ind. Aug. 27, 2021). After completing some of that work, Green sought to be released from her appointment due to insufficient payment of her fees. Am. Counter-Compl. ¶¶ 75–77. The court granted Green's request and directed her to transfer the devices and accounts to Singota's counsel, which she did. BioConvergence LLC v. Attariwala, ECF No. 311 at 12 (Nov. 30, 2021); Am. Counter-Compl. ¶ 93.

In late 2019, Attariwala, who lives in Washington D.C. along with Singh, filed for bankruptcy in the U.S. Bankruptcy Court for the District of Columbia. In re Attariwala, No. 19-

---

[1] Unless otherwise noted, all facts are drawn from Singh's amended counter-complaint and taken as true for the purposes of resolving Green's motion to dismiss.

00828 (Bankr. D.D.C. 2019). As part of that proceeding, Attariwala brought an adversary action against Green for the return of her devices and accounts. Attariwala v. Green, No. 20-AP-10014 (Bankr. D.D.C. Apr. 23, 2020). Green participated in the case, which was eventually dismissed as moot because she had relinquished the materials as directed by the Indiana court. See id., ECF No. 80 (Bankr. D.D.C. Jun. 6, 2022).

Singota had earlier attempted to add Singh as a defendant in the Indiana litigation against Attariwala, claiming he aided her theft, but the Indiana court dismissed Singh for lack of personal jurisdiction. BioConvergence LLC v. Attariwala, ECF No. 175 (S.D. Ind. Mar. 23, 2020). With Singh having escaped the hook in Indiana, Singota filed the present suit against him in this Court. BioConvergence LLC v. Singh, No. 21-CV-2090 (D.D.C.). Singh moved to dismiss the complaint, but this Court denied the motion in August 2022. BioConvergence LLC v. Singh, No. 21-cv-2090, 2022 WL 3585649 (D.D.C. Aug. 22, 2022).

Shifting from defense to offense, Singh, who is proceeding *pro se* but is an attorney, filed a number of counterclaims against Singota and joined Singota's CEO Alisa Kilgas, its outside counsel in the Indiana litigation Christopher Murray, and Ms. Green as additional counter defendants.[2] As relevant here, Singh alleges that Green participated in a civil conspiracy by "enter[ing] into an agreement to commit wrongful acts," but offers little other detail on the purported conspiracy. Am. Counter-Compl. ¶¶ 164–168. Singh also accuses Green of conversion, alleging that she "asserted unauthorized control over [his] personal and professional property." Id. ¶¶ 197–99. As Singh tells it, Green improperly coordinated with Singota to deprive him and his wife of their devices and accounts. Green moves to dismiss Singh's

---

[2] The other counter defendants have filed separate motions to dismiss. The Court only addresses Green's motion in this opinion.

counterclaims against her pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The motion is fully briefed.[3]

## II. Legal Standards

Green moves to dismiss Singh's counter-complaint against her pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Faced with such a challenge, the plaintiff bears the burden of "establishing a factual basis for the exercise of personal jurisdiction over the defendant." Crane v. New York Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). A plaintiff "must allege specific acts connecting [the] defendant with the forum." Second Amend. Found. v. U.S. Conf. of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001) (quotation omitted) (alteration in original). Conclusory allegations won't do. See Fawzi v. Al Jazeera Media Network, 273 F. Supp. 3d 182, 185–86 (D.D.C. 2017). Moreover, the Court is not limited to the complaint and "may receive and weigh affidavits and other relevant matter to assist in determining jurisdictional facts." Khatib v. All. Bankshares Corp., 846 F. Supp. 2d 18, 26 (D.D.C. 2012) (quotation omitted). While the Court "must resolve factual disputes in favor of the plaintiff," it "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts." Livnat v. Palestinian Auth., 851 F.3d 45, 57 (D.C. Cir. 2017) (quoting Helmer v. Doletskaya, 393 F.3d 201, 209 (D.C. Cir. 2004)).

Courts may exercise either general or specific personal jurisdiction over a defendant. See Livnat, 851 F.3d at 56. General jurisdiction allows a court to hear claims against a defendant who is at home in the forum, whether or not those claims are tethered to the defendant's activities

---

[3] Singh moves to strike Green's reply in support of her motion to dismiss because she was delayed in sending it to him. Mot. to Strike, ECF No. 39. While Green admits she failed to serve Singh with her reply in violation of Fed. R. Civ. P. 5(a), she promptly corrected the error. Resp. to Mot. to Strike, ECF No. 41. Singh was not prejudiced, as he ultimately received the filing and was not entitled to respond to the reply. The Court will therefore deny Singh's motion.

in the forum. See id. Specific jurisdiction, meanwhile, is appropriate where a claim arises from a defendant's activities in the forum. See id.

**III. Analysis**

Singh does not argue, nor could he, that this Court has general jurisdiction over Green. He acknowledges that she is not at home in this forum. Am. Counter-Compl. ¶ 6 ("[Green] is a natural person who is domiciled in Florida and has provided forensic services in Indiana."). Instead, Singh seeks to establish specific jurisdiction based on "a relationship among the defendant, the forum, and the litigation." Shatsky v. Palestine Liberation Org., 955 F.3d 1016, 1036 (D.C. Cir. 2020) (internal quotations omitted). "To establish [specific] personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Singh invokes the Court's jurisdiction under three provisions of the Washington, D.C. long-arm statute: he claims that jurisdiction lies because Green was "transacting business" in the District, see D.C. Code § 13–423(a)(1), and because she caused "tortious injury in the District of Columbia," see § 13–423(a)(3) and (4). Singh further contends that Green waived any challenge to personal jurisdiction in the District of Columbia by participating in Attariwala's bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Columbia.

A. "Transacting Business"

Under D.C.'s long-arm statute, a "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13–423(a)(1). Section 13–423(a)(1)'s "transacting any business" clause "is 'given an expansive interpretation' that is 'coextensive with

5

the due process clause.'" Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (quoting Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981)).  For the exercise of jurisdiction to be consistent with the due process clause, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quotations omitted).  The analysis turns on "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014).

Singh has not established personal jurisdiction under section 13–423(a)(1).  Green's only alleged involvement in this matter arises from her appointment as a forensic expert in the Indiana litigation.  See Am. Counter-Compl. ¶ 43.  And Singh does not allege that any of Green's work in that capacity—including receiving the electronically stored information, conducting the forensic searches, drafting her expert reports, and storing the materials—occurred in the District of Columbia.  See id. ¶ 6 ("[Green] has provided forensic services in Indiana.").  Any connection between Green's work and Washington, D.C. is incidental due to Singh and Attariwala's residency here, and not the product of an intentional effort by Green to engage in business in D.C.  See Walden, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."); Forras v. Rauf, 812 F.3d 1102, 1106 (D.C. Cir. 2016) ("The plain text of subsection (a)(1) . . . focuses on where the defendant undertook the challenged (business) actions, not where the plaintiff felt the injury.").

Singh nonetheless argues that Green targeted the District for business when she agreed to conduct forensic services on property owned by D.C residents, accepted payment for her

services, and requested further funding from him and his wife. Opp'n to Mot. to Dismiss at 11. But he ignores that Green undertook those actions pursuant to her obligations as the court-appointed expert in the Indiana proceeding, not because she was targeting D.C. for business. BioConvergence LLC v. Attariwala., ECF No. 311 at 4–5 (Nov. 30, 2021) (describing various orders by the Indiana court to compel funding from Attariwala for Green's forensic expert work). Singh has alleged no intentional effort on the part of Green to target D.C. Accordingly, he has not shown that Green "transact[ed] any business in the District of Columbia" sufficient to satisfy D.C.'s long-arm statute or the due process clause.

    B. "Tortious Injury"

Two provisions of the D.C. long-arm statute permit the exercise of personal jurisdiction over defendants who cause a "tortious injury" in the District. The first, section 13–423(a)(3), applies when a defendant "caus[ed] tortious injury in the District of Columbia *by an act or omission in the District of Columbia*." D.C. Code § 13–423(a)(3) (emphasis added). By the language of the statute, both the act and the injury must occur in the District. Helmer v. Doletskaya, 393 F.3d 201, 208 (D.C. Cir. 2004). Because the counter-complaint does not identify any "act or omission" undertaken by Green in the District of Columbia, section 13–423(a)(3) does not apply.

Resisting this conclusion, Singh asserts in his opposition brief that Green "inappropriately transmitted personal financial documents for use in the District of Columbia's Bankruptcy Court" and engaged in a "tortious invasion of privacy to review devices and accounts from the District of Columbia to disclose private information of Ms. Attariwala [that] was an intentional act in the District of Columbia against a resident of the District of Columbia." Opp'n at 14. But this does not cure the deficiency. To start, this allegation is not included in the amended counter-complaint, which Singh cannot amend again through briefing. See Crowder v.

7

Bierman, Geesing, & Ward LLC, 713 F. Supp. 2d 6, 9 n.5 (D.D.C. 2010). And even if the Court were to consider the allegation, it still does not describe any "specific acts" undertaken by Green in D.C. See First Chi. Int'l. v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988) (The plaintiff "must allege specific acts connecting [the] defendant with the forum." (quotation omitted)).[4]

The D.C. long-arm statute's second "tortious injury" provision, section 13–423(a)(4), applies when a defendant "caus[ed] tortious injury in the District of Columbia by an act or omission outside the District of Columbia" so long as the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." As discussed above, Singh does not allege that Green engaged in any activity in the District or has regular and continuous contacts with the forum. See FutureGen Co. v. Carter, 915 F. Supp. 2d 104, 108 (D.D.C. 2013) ("[S]ection (a)(4) requires that the persistent course of conduct occur *in* the District[.]" (emphasis in original)). He therefore cannot establish personal jurisdiction over Ms. Green based on Section 13-423(a)(4) either.

Accordingly, none of Singh's theories support an exercise of jurisdiction over Green under the D.C. long-arm statute.

---

[4] Singh does claim in his brief that Green "inappropriately transmitted personal financial documents for use in the District of Columbia's Bankruptcy Court." Opp'n at 14; see BioConvergence LLC v. Attariwala, No. 19-cv-1745, ECF No. 340 (S.D. Ind. Feb. 1, 2022). But he does not maintain that Green transmitted any records from within the District. Even if Green sent records to recipients in Washington, D.C.—an allegation not contained in Singh's complaint or brief—that act would have occurred "outside the District" and would not satisfy Section 13–423(a)(3) of D.C.'s long-arm statute. See Forras v. Rauf, 812 F.3d 1102, 1107 (D.C. Cir. 2016) (sending tortious statements from outside the District into the District does not satisfy subsection (a)(3)).

    C.  Waiver

Finally, the Court rejects Singh's contention that because Green participated in the bankruptcy case in this District, she has waived any future challenge to jurisdiction here. To be sure, "a defendant can always waive his personal jurisdiction defenses by explicitly consenting to the Court's jurisdiction or by failing to raise the personal jurisdiction challenge." Buesgens v. Brown, 567 F. Supp. 2d 26, 36 n.10 (D.D.C. 2008). But "it is well established that consent to personal jurisdiction in one case does not waive the right to assert lack of personal jurisdiction in another case in that same forum." Alkanani v. Aegis Def. Servs., LLC, 976 F. Supp. 2d 13, 37 n.10 (D.D.C. 2014); see also In re Papst Licensing GMBH & Co. KG Litig., 590 F. Supp. 2d 94, 100 (D.D.C. 2008) (citing Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 50 n.5 (2d Cir. 1991)). Thus, Green's involvement in the bankruptcy proceeding has no bearing on whether she can contest personal jurisdiction in this matter.

### IV.  Conclusion

For these reasons, the Court will grant Green's motion to dismiss. A separate Order will follow.

                                                             CHRISTOPHER R. COOPER
                                                             United States District Judge

Date: June 7, 2023